IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRITTANY HAMILTON, *et al.*,

      Plaintiffs,

  vs.                               Civil Action 2:09-CV-146
                                       Judge Graham
                                       Magistrate Judge King

BREG, INC., *et al.*,

      Defendants.

## OPINION AND ORDER

This is a products liability action in which plaintiffs seek recovery in connection with pain pumps inserted in their knees following surgery, allegedly resulting in severe deterioration of cartilage. Only the claims against defendant Breg, Inc., remain pending.  This matter is now before the Court on defendant's *Motion to Exclude Supplemental Expert Report and Related Testimony of Dr. Frank Noyes*, Doc. No. 64 ("*Motion to Exclude*").  Plaintiffs have filed a response to the motion, *Plaintiffs' Response in Opposition to Defendant, Breg, Inc.'s Motion to Exclude Supplemental Expert Report and Related Testimony of Dr. Frank Noyes*, Doc. No. 68,("*Memo contra*"), and defendant has replied, *Defendant Breg, Inc.'s Reply to Plaintiffs' Response in Opposition to Breg's Motion to Exclude Supplemental Expert Report and Related Testimony of Dr. Drank Noyes*, Doc. No. 70 ("*Reply*").

The *Motion to Exclude* addresses a December 23, 2009, memorandum prepared by Dr. Noyes relating to "Definition of causal relationship, chondrolysis." Exhibit 2, attached to *Motion to Exclude*; Exhibit 1, attached to *Memo contra*. ("*Memorandum*"). Defendant contends that the *Memordandum* is untimely under Fed. R. Civ. P. 16 and is therefore excludable under Fed. R. Civ. P. 37. For their part, plaintiffs dispute defendant's characterization of the *Memorandum* as a supplemental

expert report, contend that the *Memorandum* was produced at the request of defendant, and argue that, in any event, defendant will not be prejudiced by plaintiffs' reliance on the *Memorandum.*

**I. BACKGROUND**

At the preliminary pretrial conference held on August 26, 2009, the Court directed that plaintiffs produce their primary expert reports no later than December 2, 2009, and that defendants produce their expert reports no later than February 4, 2010. *Preliminary Pretrial Order,* Doc. No. 35, at 1 - 2. The Court thereafter required that plaintiffs' experts be deposed no later than March 26, 2010, and that the deposition of defendant's experts be completed no later than April 26, 2010. *Agreed Order Extending Deadline to Depose Experts*, Doc. No. 54. Motions for summary judgment were to have been filed no later than May 3, 2010, and defendant's motion, Doc. No. 84, timely filed, remains pending.

Plaintiffs identified Frank R. Noyes, M.D., as an expert and timely produced his reports to defendant. *Memorandum in Support of Motion to Exclude*, at 1. Defendant deposed Dr. Noyes on December 4, 2009. *See* Exhibit 7 to *Supplemental Declaration of Barry J. Koopmann*, Doc. No. 71. *See also Memo contra*, at 2. During the course of his deposition, Dr. Noyes was asked:

> Q. Is there any peer reviewed published article that says the continuous infusion of Bupivacaine into the knee joint causes chondrolysis?
>
> A. No, but I do have to give you the explanation that in the scientific literature the word such as Hansen used is "highly associated." So when we write scientific publications, we talk about statistical analysis and highly associated with.
>
> Q. Is an association equivalent to causation?
>
> A. It can be, absolutely.

2

> Q. Is it in this case?
>
> A. I think it is in this case.
>
>           \*          \*          \*
>
> Q. Do you agree that prior to February 2006 there were no publicly available peer reviewed articles, abstracts, case reports, books, testate, or treatises wherein it was concluded based upon a reasonable degree of medical and/or scientific certainty that continuous intra-articular infusion of anesthetic causes chondrolysis?
>
> A. I do agree.

*Deposition of Frank R. Noyes, M.D.*, at 59 - 61, *Exhibit* 7 attached to Doc. No. 71.  Towards the end of the deposition, Dr. Noyes was asked:

> Q. Is there anything that you believe is important to your analysis in this case that we have not already discussed?
>
> A. I can not answer those open-ended questions. There's none that come to mind, sir, because you've been very complete in all your answers, but I will elect as I reflect on other information to change my answer.
>
> Q. Will you let your counsel know so that we can be informed if that happens?
>
> A. I presume that would be part of the court proceedings?
>
> [Plaintiffs' Counsel]: Yes, yes.
>
> Q. Have we now discussed all of the opinions that you plan on offering at trial in this case?
>
> A. I can't think of any else that come to mind, but I will say this has been a long deposition, and there could have been areas that we have not covered?
>
> Q. But none come to mind?
>
> A. No, they do not come to mind.
>
> Q. Have we now discussed all of the bases for the opinions that you'll be offering at the time of trial?

3

```
        A. I think you have. Again, same answer, elect to
        modify.
```
*Id.,* at 263 -64.

On December 23, 2009, Dr. Noyes produced the *Memorandum* addressing the subject of "Definition of causal relationship, chondrolysis." The *Memorandum* identifies four (4) "peer reviewed publications in regard to the above subject," *id.*,[1] and ends with the following:

> **Conclusion**: it would appear that the authors in these publications have provided a statement as to the causal relationship of chondrolysis and an intra-articular pain pump catheter with bupivacaine.

*Memorandum.*

## II. STANDARD

Under Fed. R. Civ. P. 26, a party who intends to adduce expert testimony at trial must disclose the identity of each expert witness at the time directed by the court. Rule 26(a)(2)(A), (C). The disclosure must be accompanied by a written report that contains, *inter alia*,

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them; . . .

Rule 26(a)(2)(B)(i) - (iii). Rule 37(c)(1) provides, in relevant part:

> [I]f a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

*Id.* Rule 37 mandates some sanction for a failure to comply with Rule

---

[1] Defendant concedes that the four (4) publications were cited by Dr. Noyes "in his original, timely-filed expert report." *Memorandum in Support of Motion to Exclude*, at 6.

26(a), unless the violation was harmless or substantially justified. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Moreover, the burden falls on the potentially sanctioned party to prove harmlessness. *Id.* In this regard, the notion of harmlessness contemplates an innocent mistake on the part of the non-disclosing party and sufficient knowledge on the part of the other party. *Id.*, at 783.

**III. DISCUSSION**

Defendant characterizes the *Memorandum* as a supplemental expert report. Because it was not produced within the time-frame established by this Court, defendant argues, the *Memorandum* is excludable under Rule 37(c)(1). The Court disagrees with defendant's characterization of the *Memorandum.*

As noted *supra,* Dr. Noyes has opined, both in his original reports and on deposition, that there exists a causal relationship between the use of a pain pump and chondrolysis.[2] He also referred, in his deposition, to at least one source ("Hansen") that apparently characterized the relationship as "highly associated." *Deposition of Frank R. Noyes*, M.D., at 59.

The *Memorandum* does not in any respect reflect a change in the <u>opinions</u> articulated by Dr. Noyes regarding causation. It does, however, reflect an elaboration on or a correction of one <u>factual</u> aspect of Dr. Noyes' testimony on deposition. Although Dr. Noyes agreed on deposition that "prior to February 2006 there were no publicly available peer reviewed articles, . . . wherein it was concluded . . . that continuous intra-articular infusion of anesthetic causes chondrolysis," *Id.*, at 61,

---

[2] Indeed, defendant has separately moved to exclude Dr. Noyes' causation testimony. *Breg, Inc.'s Motion to Exclude General and Specific Causation Testimony of Frank R. Noyes, M.D.*, Doc. No. 78.

5

his *Memorandum* purported to correct his testimony in that regard by pointing to statements from sources that had been previously referred to in his original reports.  Far from providing a new expert opinion, as defendant argues, the *Memorandum* may in fact be the sort of supplementation or correction of "information given during the expert's deposition" required by Fed. R. Civ. P. 26(e)(2).[3]  The *Memorandum* is therefore not excludable under Fed. R. Civ. P. 37(c)(1).  Moreover, and because this supplementation is not untimely, *see* Fed. R. Civ. P. 26(a)(3)(B)("Unless the court orders otherwise, [pretrial] disclosure must be made at least 30 days before trial"), the *Memorandum* is not excludable merely because it was produced after Dr. Noyes had been deposed.[4]

      **WHEREUPON**, the *Motion to Exclude*, Doc. No. 64, is **DENIED**.


July 20, 2010                                              *s/Norah McCann King*
                                                          Norah M$^c$Cann King
                                                 United States Magistrate Judge

---

[3] Rule 26(e)(2) provides, in pertinent part:  **"Expert Witness**.  For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition."

[4] The Court expresses no opinion, in the absence of a request by defendant, on the issue of a possible re-opening of Dr. Noyes' deposition.